UNITED STATES DISTRICT COURT May 24, 2007
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| Stanley G. Clements<br>Petitioner | ) | Docket No. CR 99-00074ML |
| V. | ) | Honorable Mary M. Lisi<br>U.S. District Court Judge |
| United States of America | ) | Closed Case |
| | ) | WRIT OF HABEAS CORPUS<br>28 U.S.C. § 2255 |

PRO SE MOTION TO VACATE, SET ASIDE OR CORRERCT SENTENCE, AND INEFFECTIVENESS OF TRIAL COUNSEL

I petitioner come through this Pro Se Motion asking this court pursuant to this Writ of Habeas Corpus under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, and to grant me a New Trial for Ineffectiveness of Trial Counsel on the points, and authorities set forth in this Motion.

## PROCEDURAL HISTORY

I petitioner, plead guilty to Distribution of Cocaine Base, 21 U.S.C § 841 (a) (1)&(b) (1)(c), a class C felony two counts. It was proffered to the court by the Assistant U.S. Attorney Zechariah Chafee, and the United States. That on August 13, 1998 I sold to a informant 3.1 grams of crack for $ 200 dollars. It was also proffered to this court in the same proceeding that on September 23, 1998 I sold 2.8 grams of crack to informant for the sum of $ 200. On January 21, 2000 I was sentence to twelve (12) years in the Federal

Prisoners system. In my sentence hearing Judge Lisi express that if she could of given me a lesser term of imprisonment she would, but the mandatory minimum mandated the sentence that she imposed. I believe that now that sentences are advisory now that the Judge may reconsider the sentence given in my case. I understand that under this statutory section that I cited it is a year two file, but I would ask of this court to take this under the Ex Post Facto Law. I would ask of the court to look at as well newly discovered evidence issues that I have brought forth in this said Motion.

## STATEMENTS OF FACTS

1) In my pre-sentencing report prepared by Kristin Ann Mattias. It was proffered on page two number eight under the laboratory analysis that the net weight of the crack cocaine base was 3.1 grams for the drugs siege on August 13, 1998, and 2.8 grams on September 23, 1998. This would give a total of 5.9 grams of crack cocaine base. Which place me in a different sentencing guideline, because of the five grams or more.
2) I would proffer to the court that this analysis done was misplace, because it was never mention in any other report by the DEA that the drugs siege had a gross weight of more than the net weight.
3) This could only mean that the gross weight was the total of 5.9 grams which would mean that the net weight is wrong, and that it could have fallen under the 5 grams or more minimum which would of place me in a different sentencing guideline.

4) In the court looking at this discrepancy, I would ask for this to be consider as newly discovered evidence.

## INEFFECTIVENESS OF TRIAL COUNSEL

I petitioner come through this Motion pursuant to 28 U.S.C. § 2255, and the Sixth Amendment of the United Constitution. That every person has the right to Effective Assistance of Counsel. I would like a new trial on the points, and authorities that are to be cited in this Motion, and under Strickland vs. Washington, 466 U.S. 668, (1984).

Petitioner alleges that trial counsel was ineffective by:

1. Failure to conduct any pre- trial investigation or attempt to secure potential witnesses in my favor.
2. Failure to look over the evidence in the possession of the DEA, and review all tapes, and statements pertaining to my case.
3. Failure to submit any pre-trial Motion for Federal Rules, and Criminal Procedures, under Rule, 6, 11, 16, 26.2.
4. Failure to protect my Due Process Rights under the Fifth Amendment of the Constitution of the United States.

## INEFFECTIVENESS OF COUNSEL

A claim of ineffectiveness of counsel is subject to the two prong test of Strickland vs. Washington, 466 U.S. 668 (1984). The first is counsel's performance must be shown to have been deficient. Secondly, it must be shown that the deficient performance prejudiced me. In this instant case trial counsel's deficiencies prejudiced me, and denied me the right to Effective Assistance of Counsel, and the loss of my liberties.

## AFFIDAVIT OF THE FACTS

1. Failure to conduct any pre-trial investigation or attempt to secure potential witnesses in my favor. I was given a Court – appointed attorney Van Hayhow, in which this attorney fail in helping me mount a proper defense. Attorney Hayhow never sent out a investigator to talk with any of the Government's informants that I allegedly sold these drugs. It was never investigated on what kind of deal that those Government informants was given in my case for their information.
2. Failure to look over the evidence in the possession of the DEA, and review all tapes, and statements pertaining to my case. Attorney Hayhow did not show me any tapes of me selling drugs to any informants. Attorney Hayhow never review the DEA evidence of how much drugs was siege at the two incidents for the gross weight or the net weight. After the subsequent drugs was tested for their purities the net weight would have been very less than what was proffer by the U.S. Attorney's office, and in the pre-sentencing report. This would of given me a lesser sentencing guideline in which I would of fallen under, which would of reduce my score for sentencing. Attorney Hayhow never retrieve or produce any audio tapes of me or any video tapes of the allegedly selling of drugs or speaking with the informants about any drug transactions.
3. Failure to submit any pre-trial Motion under Federal Rules, and Criminal Procedures under, Rules, 6, 11, 16, 26.2. Attorney Hayhow never file any pre-trial, Motions on the grounds of the following four Rules. He never file or made any attempt for these Motions to be file with the courts.

4. Failure to protect my Due Process Rights under the Fifth Amendment of the Constitution of the United States. Attorney Hayhow never help me in the process of my case correctly, by not appropriately informing me of my rights by law of the Fifth Amendment.

## CONCLUSION

I, Stanley G. Clements, was given a sentence that did not follow the guidelines by the points, and authorities cited in this Motion. I was also denied my Sixth Amendment Right, to Effective Assistance of Counsel , and am entitled to a new trial based on each referenced failure by counsel in the combination of these events. I respectfully request a fill hearing on my allegations of Ineffectiveness of Counsel pursuant to Strickland vs. Washington , 466, U.S. 668, (1984).

## CERTIFICATE OF SERVICE

This is to certify that a true copy of this foregoing Motion for a New Trial for Ineffectiveness of Counsel was mail through the United States Postal Service, or facsimile, and hand delivered on this date, of May 30, 2007, to United States Attorney's Office, Criminal Division-Felony Branch, Zechariah Chafee, 50 Kennedy Plaza, 8th Floor, Providence, RI 02903.

C.C.
Judge Mary M. Lisi
United States District Court
Two Exchange Terrace,
Providence, RI 02903

Clerk Of The Court
United States District Court,
Two Exchange Terrace,
Providence, RI 02903

Van Hayhow
Attorney at Law
923 Washington Street, 2nd Floor
South Attleboro, MA 02703

Respectfully Submitted
Stanley G. Clements
Stanley G. Clements
Register No. 04744-070
Federal Correctional Institution
P.O. BOX 1000
Otisville, NY 10963