UNITES STATE DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

STANLEY CLEMENTS :
:
vs. : C.A. No. 07-192-ML
:
UNITED STATES OF AMERICA :

**MEMORANDUM AND ORDER**

Mary M. Lisi, Chief United States District Judge.

Stanley Clements has filed a *pro se* motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 in the above proceeding. For the reasons that follow, that motion is denied.

BACKGROUND

Clements pled guilty to two counts of possession with intent to distribute cocaine base in violation of 21 U.S.C. §841(a)(1) and (b)(1)(B), and 18 U.S.C. § 2. The presentence report (PSR) prepared by the U.S. Probation Office calculated a sentencing guideline range of 151 to 188 months, based in part on a total quantity of 5.9 grams of cocaine base sold by Clements. On February 4, 2000 Clements was sentenced to 151 months imprisonment, followed by three years of supervised release. Judgment of conviction entered on February 8, 2000, and Clements did not appeal. His conviction thus became final on February 18, 2000, ten days after the entry of judgment. Throughout the plea and sentencing proceedings, Clements was represented by court-appointed counsel, Attorney Van Hayhow.

On May 24, 2007, Clements filed the instant motion to vacate. In his motion Clements claims that his counsel was ineffective for failing to conduct adequate pretrial investigation, including reviewing the amount of drugs involved and surveillance tapes of the drug transactions

in issue, failing to make pretrial motions and otherwise failing to protect Clements' due process rights under the Fifth Amendment. His *pro se* motion, read liberally, also purports to raise a claim under Booker v. United States, 543 U.S. 220 (2005).

The Government has filed an objection to the motion and the matter is ready for decision.[1]

## DISCUSSION

### A. Timeliness

Because Clements' motion to vacate was filed more than seven years after his judgment of conviction became final, it must be dismissed pursuant to §2255, ¶ 6(1), unless the motion is timely under one of the other provisions of §2255, ¶ 6.[2] In an effort to avoid this result, Clements asserts that he presents newly discovered evidence and invokes the Ex Post Facto Clause of the United States Constitution. Both of these arguments are patently meritless.

---

[1] Clements requests an evidentiary hearing on his claims. However, no hearing is required in connection with any issues raised by his motion to vacate, as the files and records of this case conclusively establish that the claims in the motion to vacate are without merit. See David v. United States, 134 F.3d 470, 477 (1st Cir. 1998) (district court properly may forego any hearing "when (1) the motion is inadequate on its face, or (2) the movant's allegations, even if true, do not entitle him to relief, or (3) the movant's allegations need not be accepted as true because they state conclusions instead of facts, contradict the record, or are inherently incredible.") (internal quotations omitted). See also Panzardi-Alverez v. United States, 879 F.2d 975, 985 n.8 (1st Cir. 1978) (no hearing is required where district judge is familiar with the case).

[2] Section 2255, para. 6 provides:
"A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

Clements first claims that his sentence was improperly based on 5 or more grams of cocaine base, when in fact the volume of pure cocaine base was less, thus triggering a lesser sentence. He asserts that this "fact" constitutes newly discovered evidence, presumably in an attempt to invoke §2255, ¶ 6(4) (providing that a § 2255 claim may be filed within one year of the date on which facts supporting the claim "could have been discovered through the exercise of due diligence"). The contention is frivolous. The quantity of cocaine with which Clements was charged was known at the time of indictment or shortly thereafter, and he could have readily disputed the quantity of drugs prior to his plea. Thus, ¶ 6(4) is inapplicable.

Similarly, Clements' invocation of the Ex Post Facto Clause in an attempt to obtain the benefit of the decision in Booker lacks any basis in law, as that clause has no applicability to Clements' case.[3] Moreover, Booker does not apply to convictions, such as Clements', that became final before that decision was rendered, as it has not been made retroactive. See Cirilo-Munoz v. United States, 404 F.3d 527, 533 (1st Cir. 2005) (§ 2255 unavailable to raise Booker claims absent Supreme Court decision rendering Booker retroactive).

It follows that all of the claims asserted by Booker are untimely and must be dismissed.

B. Merits

Even if Clements' motion to vacate was timely, his claims are without merit in any event. He voluntarily pled guilty to selling cocaine base, and made no objections to the quantity of drugs set forth in the PSR. Putting aside the question whether his claim challenging the quantity of drugs based on purity may be raised in this collateral proceeding absent a showing of cause

---

[3] The Ex Post Facto Clause, U.S. Const. Art. 1, § 9, cl. 3, provides that "No Bill of Attainder or ex post facto Law shall be passed." The clause "forbids the application of any law or rule that increases punishment for pre-existing conduct." United States v. Munoz-Franco, 487 F.3d 25, 55 (1st Cir. 2007) (internal quotations omitted).

and prejudice, see United States v. Bousley, 523 U.S.614, 622 (1998), that claim is foreclosed by well-established law that "'the total quantity of what is distributed, rather than the amount of pure drug involved, is used to determine the length of the sentence.'" United States v. Charles, 213 F.3d 10, 25 (1st Cir. 2000) (quoting Chapman v. United States, 500 U.S. 453, 461 (1991)).

Clements' ineffective assistance claims are likewise without merit. He does not allege that he requested counsel to conduct the pretrial investigation that he now asserts should have been done, and given Clements' decision to plead guilty, counsel was not deficient in failing to conduct one. Nor does Clements specify what pretrial motions his counsel should have filed or how his due process rights were violated by counsel's assistance. See United States v. Bongiorno, 106 F.3d 1027 (1st Cir. 1997)(claims raised in a perfunctory manner are deemed waived).

## CONCLUSION

In view of the foregoing considerations, Clements' motion to vacate under § 2255 is hereby dismissed.

SO ORDERED:

Mary M. Lisi
Chief United States District Judge
December 7 , 2007